UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRANDON CRAWFORD,

*Plaintiff*,

v.

DEPARTMENT OF DEFENSE, *et al.*,

*Defendants*.

Civil Action No. 24-02675 (AHA)

**Memorandum Opinion**

Brandon Crawford sues the Department of Defense and the Department of the Army under the Freedom of Information Act ("FOIA") and Privacy Act, alleging violations related to the defendants' failure to properly maintain his army discharge records. The defendants moved to dismiss, and Crawford cross-moved for summary judgment. For the reasons below, the defendants' motion to dismiss is granted. Crawford's motion for summary judgment is accordingly denied as moot.

**I.   Background[1]**

Crawford served in the Army from 1999 to 2002 and received an "Other Than Honorable Discharge." ECF No. 2. ¶¶ 27, 29–30, 67. The complaint indicates Crawford wants "to request a Military Discharge Upgrade from an Other Than Honorable to a General Under Honorable Conditions" discharge. *Id.* ¶ 68. He claims this change would entitle him to healthcare and disability benefits. *Id.* ¶¶ 49, 73.

---

[1] As required at the pleading stage, the Court accepts the complaint's well-pled allegations as true and draws all reasonable inferences in Crawford's favor. *See Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

To facilitate the process of requesting a discharge upgrade, Crawford asked the Army for "all records about himself" in 2023. *Id.* ¶ 6. The Army released the records it had for Crawford, which "did not include his [discharge certificate], administrative separation paperwork or any records after May 21, 2002." *Id.* ¶ 7. When Crawford inquired further about his discharge records, he was informed that the records were likely lost when the Army changed its record storage practices and that the records could not be recreated or recovered. *Id.* ¶¶ 8–11. Crawford's subsequent efforts to receive his discharge records from various Army offices likewise proved fruitless. *See id.* ¶¶ 12–21, 27–33, 39–45.

Crawford sued, asserting five counts. Count one alleges the defendants violated the Privacy Act by failing to timely respond to Crawford's record requests. *Id.* ¶¶ 51–58. Count two alleges the defendants violated FOIA by unlawfully withholding the requested records. *Id.* ¶¶ 59–63. Count three alleges the defendants violated the Privacy Act, specifically 5 U.S.C. § 552a(g)(1)(B), by failing to provide Crawford proper access to his records. *Id.* ¶¶ 64–69. Count four alleges the defendants violated another part of the Privacy Act, 5 U.S.C. § 552a(g)(1)(C), "by failing to maintain the records and disclose the records that should have been kept in accordance with the Privacy Act," which "had an adverse effect on [Crawford] by denying him the opportunity to upgrade his military discharge." *Id.* ¶¶ 70–75. Count five is pled identically to count four but brought under section 552a(g)(1)(D) instead of section 552a(g)(1)(C). *Id.* ¶¶ 76–81.

Crawford has since conceded counts one, two, and three are moot because the defendants have responded to his document requests, and he no longer pursues those counts. ECF No. 13-1 at

5–6. The Court accordingly dismisses those counts and considers the defendants' motion to dismiss only as to counts four and five. For the reasons below, those counts are dismissed as well.[2]

## II. Discussion

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court "must take all the factual allegations in the complaint as true," though it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### A. The Complaint Fails To State A Claim Under Section 552a(g)(1)(C).

A plaintiff may bring a civil action under the Privacy Act when an agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual." 5 U.S.C. § 552a(g)(1)(C). "To recover damages in an action under subsection (g)(1)(C), a plaintiff must establish four elements: '(1) he has been aggrieved by an adverse determination; (2) the [agency] failed to maintain his records with the degree of accuracy necessary to assure fairness in the

---

[2] The defendants also moved for summary judgment in the alternative as to counts one, two, and three. *See* ECF No. 6-1 at 12. Because Crawford has conceded those counts are moot and the Court has dismissed them, the Court does not consider the defendants' alternative motion for summary judgment.

determination; (3) the [agency's] reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the [agency] acted intentionally or willfully in failing to maintain accurate records.'" *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1006–07 (D.C. Cir. 2009) (alterations in original) (quoting *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 657 (D.C. Cir. 1996)).

Count four of Crawford's complaint asserts a claim under subsection (g)(1)(C), but it fails to satisfy the first element: he has not plausibly alleged an adverse determination against him. An adverse determination against the plaintiff is "[c]entral to a cause of action under subsection (g)(1)(C)," which "requires a specific 'adverse determination' resulting from an agency's failure to maintain accurate records." *Id.* at 1007. Crawford's complaint alleges that the defendants' failure to maintain his military records "had an adverse effect on [him] by denying him the opportunity to upgrade his military discharge in order to allow him access to VA health benefits." ECF No. 2 ¶ 73. But the statute requires Crawford to allege a specific adverse determination by the defendants against him, not simply an adverse effect on him. *See Chambers*, 568 F.3d at 1007 (affirming dismissal where plaintiff claimed an agency's loss of her records "had an 'adverse effect' in that it has 'hampered [her] in her ability to apply for jobs in the federal government'" because "[s]uch an adverse effect . . . is not enough to make out a claim under subsection (g)(1)(C)" (first alteration in original)).

In response to the defendants' motion to dismiss, Crawford reframes his alleged inability to request a military discharge upgrade, shifting from alleging it had an "adverse effect" on him to alleging it constituted a "constructive denial of his upgrade request." ECF No. 13-1 at 10. But even accepting Crawford's reframing, it does not resolve the defect because Crawford has not alleged that he ever requested a military discharge upgrade in the first place. Indeed, even if Crawford had

4

submitted his request, he would have no claim until an agency made some adverse determination on that request. The D.C. Circuit made this clear in *Chambers*, holding that there was no adverse determination when the plaintiff alleged she was "unable to provide the most recent performance evaluation that [a job] application required but not that [an agency] took an adverse action against her—such as rejecting her application outright or refusing to hire her—because she lacked an accurate appraisal." 568 F.3d at 1007 n.6 (citations and quotation marks omitted)); *see also Fletcher v. U.S. Dep't of Just.*, 905 F. Supp. 2d 263, 268 (D.D.C. 2012) (holding that there "has not yet been any adverse determination against" the plaintiff where the plaintiff "argues that he needs the information to challenge his conviction or assist in his [upcoming] parole hearing").[3]

Crawford may file a new suit to "revive his § 552a(g) claim if he subsequently suffers an adverse decision as a result of" the missing records, but the Court must dismiss the claim at this time. *Fletcher*, 905 F. Supp. 2d at 268–69. Count four is accordingly dismissed without prejudice.

### B. The Complaint Fails To State A Claim Under Section 552a(g)(1)(D).

Subsection (g)(1)(D) is a catch-all that "provides a civil remedy when an agency's failure to comply 'with any other provision' of the Act has an 'adverse effect' on an individual." *Deters*, 85 F.3d at 660 (quoting 5 U.S.C § 552a(g)(1)(D)). However, "a plaintiff seeking damages for

---

[3] Crawford argues in his response brief that "a military discharge upgrade cannot be issued" here because he does not have the documents required to apply for an upgrade. ECF No. 13-1 at 17. But the court rejected a similar argument in *Chambers*, holding that the agency must make some adverse determination—"such as rejecting [the plaintiff's] application outright"—even if the plaintiff claims they are missing a record that is "required" for the application. 568 F.3d at 1007. Crawford points to *Morinville v. U.S. Patent & Trademark Off.,* 442 F. Supp. 3d 286 (D.D.C. 2020), where a court distinguished *Chambers* because the plaintiffs there "alleged that an adverse determination, a constructive denial of their patent applications, has already occurred." *Id*. at 294. *Morinville* is inapplicable here, where Crawford has not even made an upgrade request and, accordingly, no denial—constructive or otherwise—has occurred. This case is thus analogous to *Chambers*.

5

failure to maintain records 'must sue under subsection (g)(1)(C) and not subsection (g)(1)(D).'" *Chambers*, 568 F.3d at 1007 n.7 (quoting *Deters*, 85 F.3d at 660).

Here, count five of the complaint alleges the defendants violated subsection (g)(1)(D)) "by failing to maintain the records and disclose the records that should have been kept in accordance with the Privacy Act"; the defendants' "actions had an adverse effect on the Plaintiff by denying him the opportunity to upgrade his military discharge in order to allow him access to VA health benefits and this failure was due to the Agency's failure to maintain proper records"; and the defendants "willfully failed to maintain accurate records." ECF No. 2 ¶¶ 78–80. Crawford sought damages for this alleged conduct. *Id.* ¶ 81. As noted above, such a claim can only be brought under subsection (g)(1)(C); indeed, count five of the complaint is identical to count four of the complaint, which was brought under subsection (g)(1)(C).

In his response brief, Crawford asserts that count five is not actually based on defendants' failure to maintain his records, asserting it is instead based on his loss of "the opportunity to review his records for accuracy" and "request amendments to his records." ECF No. 13-1 at 12, 13. He then asserts that "[b]eing unable to participate in ensuring that one's records are accurate is patently misaligned with the goal of the Privacy Act, specifically with regard to § 552a(d)(2)," and that he can seek relief for this alleged violation under subsection (g)(1)(D). *Id.* at 13. However, as detailed above, count five alleges Privacy Act violations related to the defendants' failure to maintain records and makes no mention of a violation related to Crawford's alleged inability to ensure the accuracy of or request amendments to his records. Indeed, Crawford states in his response brief that he "did not know at the time of filing that he would not be able to request amendments as he was unaware that the documents had been lost." *Id.* at 13 n.2. Because Crawford cannot amend his complaint via his response brief and this claim was not in his complaint, the Court need not address

it. *See, e.g.*, *Dooley v. United Food & Com. Workers Int'l Pension Plan for Emps.*, No. 22-cv-2153, 2023 WL 2139200, at *4 (D.D.C. Feb. 21, 2023).

### III. Conclusion

For these reasons, the defendants' motion to dismiss is granted and this action is dismissed without prejudice. Plaintiff's cross-motion for summary judgment is accordingly denied as moot. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   September 15, 2025